Note.—Reported in 204 N. W. 994.  See, Headnote (1), American Key-Numbered Digest, Conspiracy, Key-No. 19, 12 C. J. Sec. 224, Monopolies, Key-No. 28, 27 Cyc. 908; (2) Monopolies, Key-No. 28, 27 Cyc. 908; (3) Appeal and error, Key-No. 1001(1), 4 C. J. Sec. 2835; (4) Monopolies, Key-No. 28, 27 Cyc. 908, Appeal and error, 4 C. J. Sec. 2986; (5) and (6) Conspiracy, Key-No. 19, 12 C. J. Sec. 234; (7) Appeal and error, Key-No. 1056(1), Evidence, Key-No. 155(1), 22 C. J. Sec. 163; (8) Conspiracy, Key-No. 19, 12 C. J. Sec. 234.

---

HAUGE, Appellant, v. TIFFANY LAUNDRY & DRY CLEAN-ING COMPANY, Respondent.

(203 N. W. 998.)

(File No. 5463.   Opinion filed May 14, 1925.)

**Master and Servant—Evidence—Workmen's Compensation Law— Evidence Held Not to Warrant Submission of Question Whether Automobile Driver Was Employee of Owner.**

In action for sums paid under Workmen's Compensation Law because of injuries to plaintiff's employe when automobile struck ladder on which he was working, evidence held not to warrant submission of questions whether driver was employee of defendant or acting within scope of his authority.

Appeal from Circuit Court, Brown County; HON. ROBERT D. GARDNER, Judge.

Action by John Hauge against the Tiffany Laundry & Dry Cleaning Company. Judgment for defendant, and plaintiff appeals. Affirmed.

*Campbell & Fletcher,* of Aberdeen, for Appellant.

*McNulty & Campbell,* of Aberdeen, for Respondent.

DILLON, J. The defendant is a corporation engaged in operating a dry-cleaning establishment in Aberdeen, this state. Action by the plaintiff against the defendant corporation to recover damages suffered by one Heath, an employee of plaintiff, who, while he was engaged in painting a building for the defendant, was thrown from a ladder, caused by the alleged acts of the defendant, viz., on account of a collision of a ladder with an automobile belonging to the defendant.

The plaintiff alleges that said Heath, his employee, was painting the building occupied by the defendant as a dry-cleaning establishment at Aberdeen. On the day of said accident Heath was working on a ladder when the automobile belonging to the defendant, and operated by one Gibson in a private alley, ran into the ladder upon which said Heath was working. Heath was thrown to the ground by such contact and injured. Both the plaintiff and Heath were operating under the Workmen's Compensation Law of South Dakota (Laws 1917, c. 376). under which the plaintiff was compelled to pay for medical and hospital services and compensation for said Heath, and he brings this action against the defendant for the sum of $2,500.

On the trial the injured employee testified that he was working for the plaintiff near the top of the second-story building, which belongs to the Tiffany Laundry & Dry-Cleaning Company; that he heard a car coming, looked, and saw the car hit the ladder; that, when the car hit the ladder, he fell on his side on the car and sustained injuries.

There is no evidence that Gibson, driver of the car, was an employee of the defendant. nor acting within the scope of his authority. The only evidence contained in this record relative to the owner of the car or the operation thereof was the following evidence of Heath:

"Q. Do you know whose car it was? A. The Tiffany Laundry.

"Q. Do you know who was driving it? A. A fellow by the name of Gibson."

There is only one point to be considered in this case, and that is the negligence by the defendant in operation of the car. Gibson failed to explain the purpose for which he was using the car or that he was engaged in the master's business. We think there was an entire failure to connect the defendant with the operation of the automobile.

As the record stood at the close of all the evidence, a verdict in favor of the plaintiff could not stand, and the court rightfully directed a verdict for the defendant. In doing so, we find no error was committed. The judgment and order of the lower court are affirmed.

CAMPBELL, J., disqualified, not sitting.

Headnote. Reported in 203 N. W. 998. See, Headnote, American Key-Numbered Digest, Master and servant, Key-No. 332(1), 26 Cyc. 1587, Workmen's Compensation Acts, C. J. Sec. 153 (1926 Anno.)